George v. Tutt et als.

———— ◦◦◦ ————

EDWARD R. GEORGE, Respondent, v. THOMAS E. TUTT et als., Appellants.

*Practice—Judgment—Injunction.*—A defendant in a suit who has been properly served with process, and has failed to appear, cannot enjoin the judgment entered against him, unless he show not only that it is inequitable to execute such judgment against him, but also that he could not have availed himself of his defence at law, or that he was prevented by fraud or accident, without any fault or negligence on his part.

*Appeal from Buchanan Court of Common Pleas.*

*Ensworth, H. M. & A. H. Vories,* for respondent.

*Jones, Owen* and *Ringer,* for appellants.

WAGNER, Judge, delivered the opinion of the court.

The respondent filed his petition in the Court of Common Pleas for Buchanan county, to restrain the appellants from proceeding to collect a judgment, which they had obtained at law in said court against him and one Thornton S. George. The court granted a temporary injunction, and on a final hearing of the cause made it perpetual. The facts

10—VOL. XXXVI.

appear that the appellants brought their suit against the two Georges in the spring of 1861, in the above named court; that process was duly issued and served, and that at the November term thereafter of said court judgment was rendered by default in favor of appellants and against the respondent. No appearance or defence was made to the action.

Respondent alleges in his petition, that he had a good and valid defence to the note on which the judgment is founded, and that he was precluded from attending the November term of court on account of the intense excitement then prevailing in the country, and that it was dangerous to travel from home. He also states that it was generally understood there would be no court at that time, and that the judge of the court had said that he would hold no session for the trial of cases. Evidence was introduced tending to prove these facts; but it is unnecessary to review it here. No principle is better established, than that a party seeking to be relieved by injunction against a judgment at law, must show that it is not only against conscience to execute such judgment, but that he could not have availed himself of his defence at law, or that he was prevented by fraud or accident, without any fault or negligence in himself or agents. (2 Sto. Eq. Jurisp., § 887; 7 Cranch, 332.)

There is not a single ingredient in this case entitling the respondent to equitable relief; he had full opportunity to avail himself of any defence he had against the note, at law. He neither appeared at the return term, nor at the next term thereafter, at which term judgment was taken. The excitement existing in the country in the fall of 1861, was no valid excuse; more than six months had elapsed from the time the summons was regularly served on him, and yet it seems he had not even employed counsel to appear in his behalf. It was not essential that he should have been present in court in person; he could either have filed his answer in vacation, or instructed his attorney to obtain further time to answer. Under these circumstances, can it be said that he was

without fault, or not guilty of negligence? The remarks of the judge made out of court, that he would hold no term for the trial of cases, furnish no ground for relief. There was nothing inconsistent in his declarations with his action in rendering judgment. The language referred to cases that were litigated, and there was nothing to show that there was any contest in regard to the suit out of which this action arises. It was a note on which plaintiffs were entitled to judgment at the first term; no answer was filed, and no counsel appeared to defend; judgment was therefore rendered as a matter of course; and if any injury resulted to respondent, it is justly imputable to his own gross and culpable negligence. When a party is served with process, he is immediately put upon inquiry, and it is his imperative duty to use strict diligence in preparing for his defence. If he fails in this, he has no claims to the interposition of equitable relief. We can hardly conceive of a case presenting less equity than the one here.

The judgment is reversed and the cause remanded, with direction to the court below to dismiss the petition. The other judges concur.