JOSEPH DAVIS, Appellant, *v.* CHARLES W. STAPLES and P. O'CONNELL, Respondents.

1. *Executions—Garnishment—Justice's court—Jurisdiction—Judgment against garnishee before return day of writ.*—The statute limiting the jurisdiction of justices (Sess. Acts 1868, p. 59, § 1) has no application to garnishment proceedings. Under sections 27–40, Gen. Stat. 1865, the garnishee is authorized, without any resort to the justice at all, to deliver property or pay money sufficient to satisfy the execution, without regard to its amount; and the justice's jurisdiction as to the amount of his judgment is co-extensive with the authority given to the garnishee to pay over to the constable. In such case the justice may render judgment against the garnishee without waiting for the return day of the writ.

2. *Execution—Justice's court—Garnishee entitled to injunction against plaintiff in execution, when.*—A garnishee in execution, before a justice, is not entitled to an injunction against the plaintiff simply on the ground that the amount seized exceeded the jurisdiction of the justice, or that judgment was entered against him before the return day of the writ. To entitle him to this remedy he must make a showing that it would be against conscience to execute the judgment complained of; that he has not been remiss in his own duties, and that he has been deprived of his right by some fraud or accident.

*Appeal from St. Louis Circuit Court.*

*Grace*, for appellant.

The justice had no jurisdiction over the subject-matter of the action. (Gen. Stat. 1865, ch. 177, §§ 2, 3 ; Sess. Acts 1868, p. 59, §§ 1, 2 ; Gen. Stat. 1865, ch. 142, § 37 ; Doggett v. St. Louis Marine and Fire Ins. Co., 19 Mo. 201.) The judgment of the justice against the garnishee was void because it was rendered before the return day of the execution. (Sanders v. Rains, 10 Mo. 770 ; Williams v. Bower, 26 Mo. 601.)

*Staples*, for respondents.

I. No appeal lies where a temporary injunction has been granted and dismissed upon answer and motion, unless a final judgment is of record. (32 Mo. 428, 578 ; 7 Mo. 348 ; 33 Mo. 117, 376 ; 34 Mo. 204 ; Miller v. State, 8 Ind. 325, 377, 416 ; 9 Ind. 238 ; 12 Ind. 477.) To authorize the granting of an injunction against a judgment at law, the bill must show it to be against conscience to execute such judgment, and that he could not avail himself of this defense at law by reason of fraud, etc. (2 Sto. Eq. Jur., § 887 ; 7 Cranch, 332 ; 10 Mo. 100 ; 36 Mo. 141 ; 18 Verm. 45 ; 1 Turn. & Russ. 319 ; 4 How. 142 ; 13 Verm. 477.) By provisions of Gen. Stat. 1865, ch. 142, § 35, the garnishee may discharge himself. (Wimer v. Pritchett, 16 Mo. 25.) The justice only renders judgment against the garnishee for the amount of the note, interest, and costs, the subject-matter of which he has already exercised jurisdiction. (Doggett v. Marine and Fire Ins. Co., 19 Mo. 201.) There is no equity in the bill.

II. By waiving exceptions to the jurisdiction of the justice in the justice's court, the party is entirely deprived of that cause of objection. Where the garnishee voluntarily comes into court and confesses that he owes the defendant in execution, he can not complain of his own action.

Davis v. Staples et al.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff seeks to enjoin the enforcement of judgment rendered against him by a justice of the peace, on the ground of defect of jurisdiction in the justice, and because of supposed irregularities in the proceedings. It appears that the defendant, Staples, sued Charles and August Bollman before a justice, on a note of $282, on which some ninety dollars of interest had accumulated. Staples obtained a judgment for $473.70 debt, which, with the costs, amounted to near $500. Execution was issued, and Davis, the present plaintiff, was summoned thereon as garnishee of the Bollmans. Without waiting for the return day of the execution, Davis voluntarily appeared before the magistrate and disclosed in writing, in answer to the usual interrogatories, that he was indebted to one of the Bollmans in the sum of $500. This was on the 28th day of September, 1868. On the 30th day of the same month, and before the return day of the execution, the magistrate rendered judgment against Davis, on his answer, for the sum of $500. The execution issued upon this judgment the plaintiff now seeks to enjoin, and to vacate the judgment upon which it was issued. These are the material facts on which the case depends.

1. The statute fixes the jurisdiction of justices of the peace, in actions founded on contract, at $200, exclusive of interest. The plaintiff's counsel argue from this fact that the jurisdiction of justices in garnishment cases must be limited to the same sum. It is conceived, however, that the statute referred to (Sess. Acts 1868, p. 59, § 1) has no application to garnishment proceedings. The jurisdiction, powers, and duties of justices of the peace, in this latter class of cases, are defined and regulated by the statute devoted to that particular subject. (Gen. Stat. 1865, §§ 27-42.) It is there provided (section 35) that the garnishee may discharge himself by paying over the money, or surrendering the property in his hands to the constable, to an amount " *sufficient to satisfy the debt and interest, or damages, and costs.*" It is thus seen that the garnishee is authorized, without any resort to the justice at all, to deliver property or pay money sufficient to satisfy the execution, without regard to its amount. But if the

garnishee neglects to do this, and answers in court, then the justice is authorized (section 37) to "render a judgment against him for the proper amount in money," the amount being alone limited to that which is "proper" to the case, namely: first, to the amount in the garnishee's hands; and, second, to the amount of the judgment and costs — that is, to the judgment against the execution debtor; and no final judgment can be rendered against a garnishee until a judgment has first been had against the principal debtor. (Section 38.) The justice's jurisdiction, as regards the amount of his judgment in garnishment cases, is co-extensive with the authority given to the garnishee to pay over to the constable without a judgment. If it were otherwise, the refusal of the garnishee to pay to the constable would prejudice the creditor to an amount equal to the excess of his judgment and costs, over the amount for which the justice could take jurisdiction in an ordinary action — in this instance, to the amount of $300. The Legislature intended no such result. (See Doggett v. St. Louis Ins. Co., 19 Mo. 201.)

2. It is further insisted, however, that the judgment against the garnishee was prematurely rendered — that is, that it was rendered before the return day of the execution. It is urged that the justice should have delayed the entry of judgment on the answer till that time. The garnishment statute makes no such provision. It simply provides that where the garnishee fails to make payment, etc., to the constable, the magistrate shall render judgment for the proper amount in money, the answer being uncontradicted. The garnishee is not the proper party to complain of his own answer; and the other parties made no objection.

But this is not a case which requires us to go into and settle nice questions of practice. In order to entitle the plaintiff to the remedy by injunction, he must make a case showing that it would be against conscience to execute the judgment complained of; that he has not been remiss in his own duties, and that he has been deprived of his rights by some fraud or accident. (2 Sto. Eq. Jur., § 887; 36 Mo. 141.)

He does not bring himself within this rule, and the judgment must be affirmed. The other judges concur.