EDMUND BURKE, Plaintiff in Error, *v.* ELIJAH MILLER AND GILES LEE, Defendants in Error.

1. *Justice's court — Transcript — Lien in Circuit Courts — Execution.*—Under sections 16 and 17, p. 961, R. C. 1855 (Wagn. Stat. 839, §§ 13, 14), the plaintiff may cause a transcript of his judgment before a justice to be filed with the circuit clerk at any time after the rendition of the judgment, without waiting for a return of *nulla bona* by the constable, and by so doing will create a lien on the real estate of defendant in the judgment from the time of filing. But the enforcement of the lien will be stayed until the return of *nulla bona* by the constable.

2. *Justice's court — Transcript — Records of, certified in Circuit Court, proof of issue of execution.*—The records certified from the office of the clerk of a Circuit Court are competent proof of the issue and return of the justice's execution. (Franse v. Owens, 25 Mo. 329, affirmed.)

*Error to First District Court.*

*Ewing & Smith,* with *Owens & Wood,* for plaintiff in error.

I. The judgment being for more than the justice had jurisdiction, the same is void, and no title passes by a sale thereunder. (8 Mo. 264.) The transcripts offered in evidence were

inadmissible. They do not correspond with the judgment recited in the said deed.

II. The executions could not issue on transcripts from clerk's office until the executions issued by the justice had been legally returned, and it was otherwise in this case.

III. The records of the transcripts of judgments do not show that a return was indorsed on the executions issued by the justice *nulla bona*, as the law requires: nor was there any other evidence of that fact filed in clerk's office. (R. C. 1855, p. 962, § 19.) The mere statement of the fact contained in the certificate of the justice of the peace is not sufficient to show such return. The "indorsement of the constable on the execution" must be certified by the justice. (Carr v. Youse, 39 Mo. 346; Murray v. Laften, 15 Mo. 621.)

*Gordon, Draffen & Muir*, for defendants in error.

The court decided correctly in permitting the defendant, Giles Lee, to read in evidence the sheriff's deed under which he claims title, as the sale took place under execution issued on transcripts of a justice of the peace, which had been filed in the circuit clerk's office. The deed is sufficient and contains all the recitals required by the statute. (43 Mo. 322; Jackson v. Walker, 4 Wend. 463; Brown v. Betts, 13 Wend. 30.)

CURRIER, Judge, delivered the opinion of the court.

This is an action of ejectment. In the progress of the trial of the cause the defendants offered and read in evidence, against the objections of the plaintiff, a sheriff's deed which purported to convey the premises in dispute to one of the defendants. The deed recited a justice's judgment for $451.34; the filing of four transcripts in the office of the clerk of the Circuit Court; the issue thereupon by the clerk of four executions to the sheriff of the county, and the advertising and sale thereon by him of said premises.

The defendants also introduced and read in evidence, against the objections of the plaintiff, "four records of the four several transcripts, as recorded in the record of transcripts in the circuit

clerk's office," showing four justice's judgments, aggregating $451.34, and that executions had been issued thereon by the justice, with returns showing that no effects were found in the county whereon to levy the same. Upon the refusal of the court to exclude these records and the sheriff's deed from the consideration of the jury, the plaintiff submitted to a nonsuit, and the cause is brought here by writ of error.

The decision of the questions arising upon these records involves an examination of sections 16 and 17, article 7, of the act in relation to justices' courts. (R. C. 1855, p. 961, §§ 16, 17.) These sections are the same as sections 13 and 14, page 839, of Wagner's Statutes, and have constituted a part of the statute law of the State for many years. Although their provisions seem perfectly plain and intelligible, this court has nevertheless been repeatedly called upon to declare their meaning and determine the legal effect of acts done under them.

Section 16 makes it the duty of every justice of the peace to furnish to the party in whose favor he has rendered a judgment a certified transcript thereof "on demand." It then makes it the duty of the circuit clerk of the county in which the judgment was rendered, to file such transcript in his office upon its "production," and "to record the same in a book to be kept for that purpose," and to enter such judgment "forthwith" in his docket of court judgments, noting the time of filing. It is thus seen that the justice must furnish his transcript "on demand," and that the clerk is required to file it in his office, when produced for that purpose, "forthwith," entering the judgment on his judgment docket.

That a party, upon recovering a judgment before a justice, is at liberty at once to file the required transcript in the circuit clerk's office, and thereby secure the advantages contemplated by the statute, is, it would seem, too plain a proposition to admit of a doubt. But the contrary is insisted upon here. It is claimed, for substance, that the judgment creditor must consume the life of an execution in hunting for personal effects of the debtor; that the transcript can be filed so as to have effect, only after the justice's execution has run its course of sixty or ninety

days, and been returned unsatisfied for the want of personal effects whereon to levy it. This construction rests on artificial grounds, and is in contravention of the positive requirements of the statute. It can not be tolerated.

The only purpose and effect of filing the transcript is to create a lien upon real estate, as will be seen by an examination of the next succeeding section. That section (§ 17) provides that the judgment of the justice, upon the filing of the transcript, shall create a lien upon the debtor's real estate in the same manner as a judgment of the Circuit Court, and be enforced by its execution in the same manner as if it had been rendered in the latter court, except in one particular, namely: that no execution to enforce the justice's judgment shall issue from the Circuit Court until an execution has been issued by the justice, and "returned, that the defendant had no goods or chattels whereof to levy the same." It is this last clause that has occasioned all the difficulty that has been experienced in acting under the provisions of the two sections under review.

The Legislature evidently had in view two objects in the enactment of these sections, namely: first, the creation of a lien upon the judgment debtor's real estate, by filing a transcript in the Circuit Court in the manner stated; second, the enforcement of that lien by the process of a court of record. As we have seen, the lien might be created by filing the transcript with the circuit clerk at any time after the rendition of judgment by the justice. The enforcement of the lien, however, was stayed until an execution had been issued by the justice and returned *nulla bona* by the proper officer. This was to avoid any unnecessary seizure and sale of the debtor's real estate — a procedure liable to involve expenses beyond the amount of the judgment to be collected.

But how was the fact of the issue and return of the preliminary execution to be established? That is the principal question involved in the case at bar. The plaintiff insists that the records from the office of the circuit clerk, read in evidence by the defendants, were incompetent to show that fact, since they do not contain certified copies of the justice's executions and the respective returns thereon; and Carr v. Youse, 39 Mo. 346, is relied upon as an authority fully sustaining that view of the case.

Carr v. Youse is distinguishable from the case under examination in this : In that case the evidence relied upon to show the issue and return of the justice's execution, was the justice's certificate of the facts, embodied in a transcript of his docket, certified by him and from his office ; "not by any certified transcript of the record from the office of the clerk of the court, nor even by a certified transcript of the execution and constable's return thereon from the office of the justice." The difference is material, and is strongly commented on by Gamble, J., in Murray v. Laften, 15 Mo. 621.

But were the records certified from the office of the clerk of the Circuit Court competent proof of the issue and return of the justice's execution ?   The decision of this court in Franse v. Owens, 25 Mo. 329, answers this question in the affirmative.   The transcript in that case, as in this, was certified by the circuit clerk, and from the records in his office.   The two cases, as to the point now under examination, are quite identical.   The form of the record and the facts appearing of record are in form and substance the same.   In neither record does the justice's execution or the return upon it, *in hæc verba*, appear ; but the facts of the issue of the execution, and of the *nulla bona* return, are set out in the transcript from the office of the clerk of the Circuit Court.   In accordance with the decision in Franse v. Owens, and upon the ground of its essential reasonableness, we hold that to be sufficient.   (See Coonce v. Munday, 3 Mo. 314.)   The principle of the decision in Ruby v. Hann. & St. Jo. R.R., 39 Mo. 480, fully sustains the conclusion reached in this opinion.

The point is made that the sheriff's deed, read in evidence, recited a judgment in excess of the jurisdiction of a justice of the peace.   That does not appear upon the face of the deed. The judgment might have been against the defendant therein as a garnishee, and so above the ordinary limit of the jurisdiction of a justice.   (Davis v. Staples, 45 Mo. 567.)   But the transcripts subsequently given in evidence show that the judgments rendered by the justice were not in excess of his jurisdiction.

Judgment affirmed.   The other judges concur.