JOHN R. SCHOLZ, Plaintiff, v. ALMA SCHOLZ, Appellant; FLANAGAN BROTHERS, Garnishee, Respondent.

Kansas City Court of Appeals, January 11, 1909.

GARNISHMENT: Wages: Fraud: Intent: Scienter. A defendant refused to work for his employer unless his wages were paid in advance since he thought the employer could not be garnisheed if the employee did not have anything coming to him. *Held*, that this information, taken with the fact that a judgment against the employee was unpaid, was not sufficient to show a fraudulent intent on the part of the employee nor to bring such intent home to the employer.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn*, Judge.

AFFIRMED.

*J. H. Bremermann* and *C. S. Owsley* for appellee.

(1) Contract to pay in advance is good in absence of fraud. Reinhart v. Empire, 33 Mo. App. 24; Spengler v. Kaufman, 43 Mo. App. 15; Spengler v. Kaufman, 46 Mo. App. 561. (2) Burden of proof is on creditor. He has the onus. Smith v. Heidecker, 39 Mo. 157; Holt v. Railroad, 50 Mo. 151; Brucker v. Hibler, 49 Mo. App. 544; Hax v. Acme, 82 Mo. App. 477; Dunkins v. Crundin, 91 Mo. App. 213; Maagers v. Williams, 92 Mo. App. 680; Lomax v. Electric, 119 Mo. App. 192. (3) Evidence as to fraud must exist. Surmise and conjecture will not do. Honesty is presumed. N. E. Loan v. Browne, 177 Mo. 412; Bank v. Washington, 145 Mo. 91; Hoeller v. Haffner, 155 Mo. 589. (4) The judgment is responsive. R. S. 1899, secs. 3451, 3456.

*Ben R. Estill* and *A. F. Drake* for appellant.

(1) Slight circumstances are sufficient to show fraud. Massey v. Young, 73 Mo. 260; Reinhart v. Soap Co., 33 Mo. App. 24; Spengler v. Kaufman, 46 Mo. App. 644. (2) Payment of wages in advance to an employe who wishes to thereby defeat a creditor involves the same principle as in a fraudulent sale. A voluntary conveyance is void as against existing creditors regardless of intent. Strauss v. Ayers, 34 Mo. App. 248; 14 Am. & Eng. Enc. of Law (2 ed.) 289. (3) Scholz intended to avoid the payment of his wife's judgment for alimony and his purpose was known to garnishee. A payment under such circumstances is void as against the creditor. Spengler v. Kaufman, 43 Mo. App. 5; Spengler v. Kaufman, 46 Mo. App. 644; Dunkins v. Crunden, 91 Mo. App. 209; Jarboe v. Jarboe, 106 Mo. App. 459. (4) The judgment is not responsive to the issues raised by the pleadings and therefore erroneous. Schneider v. Patton, 175 Mo. 684; Ross v. Ross, 81 Mo. 84; Newham v. Kenton, 79 Mo. 382.

BROADDUS, P. J.—This is an appeal in a garnishment proceeding instituted by defendant Alma Scholz against John Scholz to collect alimony from the wages alleged to be due him by garnishee, Flanagan Bros. Mfg. Co. The garnishee denied owing any wages to John Scholz. The evidence in the case consisted of testimony of appellant and the depositions of Joseph A. and James W. Flanagan. The Flanagans testified that they were not indebted to Scholz as he had been paid in advance for his services, that he refused to work unless he was paid in advance, and that his services were valuable to them and they were almost compelled to employ him. At the close of appellant's evidence, garnishee interposed its demurrer to the evidence, which was sustained, which action appellant claims was in error.

In Reinhart v. Soap Co., 33 Mo. App. 24, it is said,

"Where the execution debtor was in the employ of the garnishee under a contract for payments weekly in advance of the services to be rendered, there can be no judgment against the garnishee on account of moneys so paid after the notice of garnishment, in the absence of any showing that the contract was made in fraud of creditors."

It is the contention of respondent garnishee that there is not sufficient evidence to show any fraudulent intent. There is only one statement in the depositions introduced in evidence upon which appellant can rely to show any fraudulent intent. In answering an inquiry, James W. Flanagan said, "The only reason we paid Mr. Scholz in advance was because he would not work for us if we didn't. *He thought he couldn't be garnisheed if he did not have anything coming* and since then we have paid him in advance." This statement is too vague, indefinite and uncertain to prove that Scholz had any fraudulent intent. The fact that he could not be garnisheed does not of itself show that he intended to defraud any one; other motives than evil ones would induce a man to evade a garnishment proceeding. Although the statement of Alma Scholz that he had paid but $200 alimony in three years, when it should have been more than $1,000, would go towards showing he did not intend to pay her alimony, and taken in connection with the above statement might raise some conjecture that he intended to defraud; yet the defendant's knowledge of simply that he did not care to be garnisheed, without facts in evidence showing improper reasons therefor known to garnishee, would not advise garnishee of his fraudulent intent. The action of the trial court in sustaining demurrer to appellant's case was proper. Affirmed. All concur.