ANNIE McDONNELL, Respondent, v. NASH-SMITH TEA AND COFFEE COMPANY, Garnishee of James A. Lavin, Appellant.

St. Louis Court of Appeals. Argued and Submitted May 2, 1910. Opinion Filed June 14, 1910.

1. EXECUTIONS: Justices' Courts: Transcript Filed in Circuit Court. An execution and a garnishment summons may be issued out of the circuit court on a certified transcript of a justice's judgment, filed in the circuit court under sections 4018 and 4019, Revised Statutes 1899, the same as upon circuit court judgments, and such execution is not merely a special execution against real estate.

2. GARNISHMENT: Paying Wages in Advance: Garnishment Not Allowed in Absence of Fraud. Where an execution debtor, pursuant to a contract, is paid in advance by his employer for services to be rendered, the latter is not liable in a garnishment proceeding on account of money so paid after the notice of garnishment, in the absence of a showing that the contract was made in fraud of creditors.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

REVERSED.

*John P. Leahy* for appellant.

(1) The plaintiff did not claim in her answer that there was any money due to the defendant by reason of the promise or agreement of the garnishee to pay defendant in advance; and the declaration of law given by the court was therefore outside the issues in the case and has no legal basis to support it. Davis v. Knapp & Shea, 8 Mo. 657; Reinart v. Soap Co., 33 Mo. App. 27. (2) The garnishee paid the defendant in advance in order to secure his services and no fraud in the law nor any illegality is seen in such a course. Davis v. Knapp, 8 Mo. 660; Archer v. Bank, 88 Ala. 254; Rein-

hart v. Soap Co., 33 Mo. App. 24; Meade on Attachments, sec. 473, p. 295; Alexander v. Pollock, 72 Ala. 137; Callaghan v. Monert Co., 119 Mass. 173; Jewel Water Co. v. Harkness, 49 Mo. App. 357; Scholz v. Scholz, 135 Mo. App. 71. (3) The Legislature evidently had in view two objects in the enactment of these sections, viz: (a) The creation of a lien upon the debtor's real estate by filing a transcript in the circuit court in the manner named. (b) The enforcement of that bill by the process of a court of record. Burke v. Miller, 46 Mo. 261; Langford v. Ferd, 146 Mo. 51; Moore v. Peyecke, 44 Neb. 412; People v. Doe, 31 Cal. 220; Martin v. Mayer, 11 Abb. Pr., N. Y. 296.

*J. L. Hornsby* for respondent.

(1) The wages of defendant Lavin by express agreement, payable in advance, became due and payable on the first of each month, and so constituted a legal obligation owing by garnishee to defendant Lavin, and were, in consequence subject to garnishment. Spengler v. Kaufman, 43 Mo. App. 5; Dinkins v. Crunden-Martin W. Co., 91 Mo. App. 209; Dinkins v. Crunden-Martin W. Co., 99 Mo. App. 310. (2) A transcript of the judgment of a justice of the peace from the date of its filing in the office of the clerk of the circuit court becomes for many purposes equivalent to the judgment of the circuit court, and executions issued on it have the same force and effect as though issued on a judgment in the circuit court. Jordan v. Surghnor, 107 Mo. 520; R. S. 1899, secs. 4018, 4019, 3152.

REYNOLDS, P. J.—Plaintiff recovered a judgment before a justice of the peace against one Lavin and another; an execution issuing thereon, the constable returned it as unsatisfied except as to $1.16, the judgment being for $271.50. On the same day that the judgment was rendered by the justice, a transcript of it was filed in the circuit court of the city of St. Louis and on

that day an execution issued out of the office of the clerk of that court, directed to the sheriff of the city of St. Louis, who returned it *nulla bona,* and that the sheriff, by order of the attorney for plaintiff, had further executed it by attaching all goods, moneys, etc., in the hands of the Nash-Smith Tea & Coffee Company, a corporation, and by summoning that corporation to appear before the circuit court and answer to interrogatories which might be exhibited against it. In due time plaintiff filed interrogatories against the garnishee company touching its indebtedness to Lavin. The garnishee appearing filed a motion to quash the execution and garnishment. This motion to quash is not in the abstract but apparently it is covered by the answer of the garnishee which was subsequently filed. The court overruled the motion, whereupon the garnishee filed its answer, denying that it was indebted to the defendant in the execution and setting up that the defendant Lavin was then and for a long time past had been in the employ of the garnishee and that his salary of $175 a month, under contract between Lavin and the garnishee, had been payable in advance, and that it had paid him each month in advance the salary due him; that it had made this arrangement with Lavin because he had refused to continue in its employ unless paid his salary in advance; that this arrangement had been in existence for some twelve months prior to the service of the garnishment and that since the making of the agreement the garnishee had always paid him in advance, and that at no time since the agreement was made has the garnishee owed defendant Lavin any money, goods, property or effects, but on the contrary said defendant is now indebted to the garnishee in the sum of $81.67 for the unearned portion of his salary for the month in which it was summoned as garnishee. It is further set up that the defendant Lavin is a resident of the city of St. Louis; that the filing of the transcript under the statutes, made the judgment a lien against

the real estate of the defendants but that it had "no other or further force or effect, and except for the enforcement of this lien this court has no jurisdiction over the defendants or this garnishee." Therefore, it continues, having fully answered, it asked the court to quash the execution and garnishment and for an order directing payment of its attorneys' fees and that it be discharged. This answer was duly verified, issue was joined on it and on a trial before the court, a jury having been waived, the facts were in evidence, practically as above set out, that is, that Lavin's employment by the garnishee was under a contract by which he was to be paid each month in advance and that in the month in which he was summoned, he had been paid his salary for that month and that the amount of unearned salary was as before stated at the time of the service of the garnishment. The garnishee interposed a demurrer to the evidence at the conclusion of the plaintiff's testimony which was overruled and exception saved and at the conclusion of the trial the court gave the following declaration of law:

"The court declares the law to be that if at any time between the service of the garnishment upon the garnishee, Nash-Smith Tea & Coffee Company, and the time that said garnishee filed its answer herein, there was money due by it to defendant Lavin, then such money became and is subject to this garnishment; and the court further declares the law to be that if said garnishee agreed, prior to the service of the garnishment in this case, in consideration of defendant Lavin rendering services to said garnishee, that said garnishee would pay said Lavin $175 per month, and said garnishee further agreed with said Lavin, either expressly or impliedly, in consideration of said services to be rendered by said Lavin, that said garnishee would pay said Lavin his salary in advance of the rendition of said services at the beginning of each month, then said salary became due and payable to said Lavin on the first of each

month; and if said Lavin has been in the employ of and rendered services to said garnishee under such agreement during the period from the service of said garnishment on said garnishee to the filing of its answer herein, and said salary had been paid at the time the same so became due or thereafter, then plaintiff is entitled to judgment against said garnishee for so much of said salary so paid to Lavin as is required to satisfy plaintiff's judgment against said Lavin."

Whereupon the court found for the plaintiff and against the garnishee in the sum of $298.65. The garnishee saving exceptions to the adverse rulings of the court, duly perfected an appeal to this court, assigning for error. that the court erred in refusing to quash the summons under the execution on the ground that a transcript of a judgment of a justice of the peace, filed in the office of the clerk of the circuit court, only constituted a lien upon the real estate of the defendants, if any they had, and that no levy or attachment against personal property or garnishment could be executed thereon and that the salary or wages being payable in advance and having been paid in the month in which the interrogatories were required to be answered, there was was no liability on the part of the garnishee to the defendant.

Taking up the first proposition, as to the effect of filing a transcript of a judgment of a justice of the peace in the office of the clerk of a circuit court, it is contended by the learned counsel for the appellant, that the Legislature in authorizing the filing of the transcript evidently had in view two objects: First, the creation of a lien upon the debtor's real estate, and second, the enforcement of that lien by the process of a court of record, that is to say, by execution. Reliance for this proposition, so far as authorities of our own State are concerned, is upon the cases of Burke v. Miller et al., 46 Mo. 258, and Langford v. Ferd, 146 Mo. 51. Our statute, sections 4018, 4019, Revised Statute 1899, pro-

vides (section 4018), that every justice before whom any judgment shall be recovered shall give to the person in whose favor the same has been rendered, a certified transcript of the judgment, whereupon the clerk of the circuit court of the county of the justice shall upon production of the transcript file the same in his office and record it in the book to be kept for that purpose, entering it in his docket of circuit court judgments. Section 4019 before its amendment in 1907, provided that every such judgment, "from the time of filing the transcript, shall have the same lien on the real estate of the defendant in the county as is given to judgments of circuit courts, and shall be under the control of the court where the transcript is filed; may be revived and carried into effect in the same manner and with like effect as judgments of circuit courts, and executions issued thereon may be directed to and executed in any county in this State; *but no execution shall be sued out of the court where the transcript is filed, if the defendant is a resident of the county, until an execution shall have been issued by the justice, directed to the constable of the township in which the defendant resides, if there be one in such township, and, if not, to any constable in the county, and returned that the defendant had no goods or chattels whereof to levy the same.*" The word "county," by statute, includes the city of St. Louis. By the act approved March 19, 1907, this section was amended by omitting the words in italics, as above, and by substituting therefor the following: "And the party obtaining said judgment, or his attorney, shall have the option of suing out an execution out of the court where the transcript is filed, without being required to first sue out an execution from the justice court where said judgment was obtained, and without being required to file a supplemental transcript or certificate of the justice, showing the suing out and the return of an execution from the justice court." It will be seen that the amendment of 1907 dispensed with the former re-

quirement that where the defendant was a resident of the county or city in which the judgment was issued, no execution should be issued out of the circuit court on the transcript until an execution should have first been issued by the justice, directed to the constable and returned *nulla bona*. That is, no execution should issue on it out of the circuit court until the expiration of ninety days from its date, that being the time given for the running of an execution issuing out of the office of the justice of the peace.

It is true that in the case of Burke v. Miller, supra, the court says that the only purpose and effect of filing the transcript is to create a lien upon real estate. But an examination of that case fails to sustain the construction placed upon it by the learned counsel for the appellant. The court was there treating of the lien which the filing of the transcript gave, that lien being upon the real estate, but there is no intimation in it which gives color to the claim that when the execution was issued it was to be an execution against real estate alone. Any such construction would be in the face of the language of the statute itself, which explicitly declares that when the execution is issued it shall be a general execution and may be directed to and executed in any county in the State and that the judgment shall be carried into effect in the same manner and with like effect as judgments of the circuit court. To argue from this, therefore, that it in a measure limits the scope of the execution and makes it a special execution against real estate alone, is to argue a construction against the plain words of the statute itself.

There is no case of Langford v. Ferd, 146 Mo. 51. We do, however, find a case of Langford v. Few, 146 Mo. 142, 47 S. W. 927, which is possibly the case referred to and which is a decision bearing on executions issued on transcripts of the justice. But that decision is expressly based on section 6287, Revised Statutes 1899, now section 4019, Revised Statutes 1899, as that section stood

prior to the amendment of 1907. All that is held or decided in the Langford case is that an execution will not issue out of the circuit court on the transcript of a justice's judgment, until it appears by transcript that the constable had made return of no goods or chattels found whereon to levy the same. That decision has no application to our present statute. The cases referred to from Arkansas, Illinois and Michigan are not applicable; we do not think they sustain defendant's contention that the statutes upon which they are based are similar to our own. The execution and summons to the garnishee were properly issued out of the circuit court.

When the case was formerly submitted, we were of opinion that the instruction heretofore quoted and given by the learned trial judge, was correct. We were of the opinion that the cases of Spengler v. Kaufman & Wilkinson, 43 Mo. App. 5; Dinkins v. Cruden-Martin Woodenware Co., 91 Mo. App. 209, and Dinkins v. Cruden-Martin Woodenware Co., 99 Mo. App. 310, 73 S. W. 246, control. On reconsideration, however, this was error. In all these cases, the element of fraud entered. In the case at bar, there is no suggestion that the arrangement between Lavin and the garnishee defendant was fraudulent. In Davis, Garnishee, v. Knapp, 8 Mo. 657, Reinhardt v. Empire Soap Co., 33 Mo. App. 24, and Sholz v. Sholz, 135 Mo. App. 71, 115 S. W. 509, it is held that where the execution debtor was in the employ of the garnishee under a contract for payment in advance of the services to be rendered there could be no judgment against the garnishee on account of money so paid after the notice of garnishment, in the absence of any showing that the contract is made in fraud of creditors. As the instruction heretofore quoted by the learned trial court ignored this rule, and as there is no evidence as to any fraud, or that at the time the garnishee filed its answer herein there was any money due by it to the defendant in the execution, subject to garnishment, the demurrer to the evidence interposed at the close of

plaintiff's case should have been given. For this reason the judgment of the circuit court is reversed. All concur.