[No. 7873.]

SWEET ET AL. V. DENVER & RIO GRANDE RAILROAD COMPANY.

1. JUDGMENT—*Vacating—Pleadings and Proof.* A taxpayer assailing as fraudulent a judgment against the county must allege (1) fraud actual or constructive; (2) that the judgment was the result thereof, and but for the fraud could not have been recovered. (133, 134.)

   Bill to vacate a judgment recovered upon certain county warrants, alleging (1) that certain of the warrants were in excess of the estimated revenue of the county; (2) that others were drawn against funds not existing. nor authorized (3) that there were no funds in the treasury. No attempt was made to show that the claims upon which the warrants were issued were invalid. *Held* that inasmuch as the complaint stated no fact that would, if presented in the original action, have compelled a different result, it stated no cause of action. (133, 134.)

2. —— *Consent to* a judgment upon a just cause of action is entirely proper and legitimate. (134.)

3. PLEADINGS—*Amendment—Second Amendment Refused.* Plaintiff, having been once offered the opportunity, declined to amend its complaint. Judgment in its favor was reversed, with directions to dismiss the action, the court saying that plaintiff having declined one opportunity to amend, should not have another. (138.)

*Error to Archuleta District Court.* HON. CHARLES A. PIKE, Judge.

Mr. JAMES H. PERSHING, Mr. ARCHIBALD A. LEE, for plaintiffs in error.

Mr. E. N. CLARK, Mr. R. G. LUCAS, for defendant in error.

BAILEY, J., delivered the opinion of the court.

Between the first day of January, 1902, and the first day of May, 1907, the County of Archuleta issued certain county warrants to divers persons for materials and work actually furnished and performed. These warrants were issued in evidence of claims for services of officials in conducting county affairs, for road work, and for supplies furnished in the ordinary course of county business. They were presented to the treasurer, marked "no funds" and stamped to draw interest from the respective dates of presentment at six per cent. per annum, and from time to time passed into the hands of purchasers for value. William E. Sweet became the owner of a large amount of them, and after many unsuccessful efforts to get them paid, brought suit against the county, and on the 11th day of September, 1907, recovered judgment for $49,282.05. That suit was prosecuted on the theory that, although money had been collected in due course each year to meet these warrants, nevertheless it had ben improperly diverted and misapplied. It also appeared from the Sweet complaint that the county had not, as a matter of fact, levied or collected the full amount of taxes which it should and might lawfully have levied and collected, for application to the payment of these obligations, and was therefore in default in this respect.

After judgment had been rendered in favor of Sweet and mandamus had issued commanding the commissioners to levy a tax to pay such judgment, the Denver and Rio Grande Railroad Company, a heavy taxpayer, brought this action to have the Sweet judgment set aside and annulled, on the ground that the commissioners did not resist or defend that suit, alleging a fraudulent agreement between two of the commissioners and Sweet, to permit the latter without objection to take judgment as prayed. The cause of ac-

tion attempted to be stated has that agreement for its basis, on the theory that a judgment rendered under such circumstances should be set aside and annulled because founded in fraud. To sustain the action it is clear that it was incumbent upon the company to allege and prove, first, that there was fraud, either actual or constructive, and second, that such fraud was the moving cause of the judgment, that is, that but for such fraud the plaintiff in the original suit could not have prevailed.

The fundamental weakness in the position of plaintiff, in its attack upon the Sweet judgment, lies in the fact that it is based upon the supposed invalidity and irregularity of the warrants, as such, and not upon the invalidity of the claims for which the warrants issued. There is no suggestion whatever in the complaint that the original claims were not just and binding obligations upon the county. It is not alleged that these warrants were not issued for full value in each instance, nor is there a single fact alleged or shown to even indicate, much less establish, actual fraud. On the contrary, the complaint is founded upon technical objections to the warrants, in that it is claimed: 1. That at the date upon which certain of the warrants were drawn and issued they were in excess of the estimated revenue of the county; 2. That certain of the warrants were drawn upon non-existent and unauthorized funds; 3. That there were no funds in the treasury, and that the judgment complained of was a suit for a money judgment on county warrants, which could not lawfully be maintained.

The suit being for relief in equity it was not sufficient for the plaintiff to establish that the complaint in the Sweet action was subject to demurrer upon technical grounds. In order to warrant relief from the judgment at law the complaint should have shown that under no conditions was the plaintiff in the law suit entitled to judgment. The plaintiff here, to be entitled to relief, should have shown by the averments of its complaint, not merely that the Sweet com-

plaint was technically bad, but further that upon no theory could he lawfully recover against the county upon his demand. In other words, it was incumbent upon the plaintiff to allege facts constituting a full and complete defense to the original claims, for which the warrants in question had issued, the former having been established as *prima facie* valid by the introduction of evidence in the law suit of the warrants. *Lake County v. Standley,* 24 Colo. 1, 49 Pac. 23; *Rollins v. Board of Commissioners,* 90 Fed. 515, 33 C. C. A. 181. There is nothing of this sort alleged or even attempted. On the contrary, from aught that is averred, it appears that the original claims upon which the supposed invalid warrants are based were just obligations of the county lawfully incurred. Under such circumstances we fail to apprehend where the commissioners, knowing the obligations to be just and binding against the county, were at fault or guilty of the slightest wrong in consenting to the entry of judgment thereon. That was, in our opinion, in view of the facts, an entirely competent, proper and fit thing for the board to have done. We have yet to learn that there is any iniquity in consenting to a judgment upon just and valid obligations, whether by an individual on his own account, or by a managing board on account of a municipality. *People, ex rel. v. Rio Grande County,* 11 Colo. App. 124, 52 Pac. 748; *Chaffee v. Granger,* 6 Mich. 51.

The controlling question in the controversy, therefore, is whether any defense has been suggested which, had it been interposed in the Sweet case, would have prevented judgment; or otherwise stated, if the judgment in the Sweet case were to be set aside, has the plaintiff in the instant case proposed in his complaint a defense which, if offered in that action, would have necessitated a different result? The complaint to be good and sufficient should contain allegations which answer the above proposition affirmatively. It is manifest from a searching examination of the complaint that it avers no such defensive matter. In support

of the foregoing we cite the following authorities: *Dringer v. Receiver of Erie Railway Co.*, 42 N. J. Eq. 573, 8 Atl. 811; *Holton v. Davis*, 108 Fed. 138, 47 C. C. A. 246; *Williams v. Carr*, 4 Colo. App. 368, 36 Pac. 646; *Richardson Drug Co. v. Dunagan*, 8 Colo. App. 308, 46 Pac. 227; *Venner v. Denver Union Water Co.*, 40 Colo. 212, 90 Pac. 623, 122 Am. St. Rep. 1036; 1 High on Injunctions (4th Ed.) sec. 126; 6 Pomeroy's Eq. Juris., sec. 667; *Collier v. Parish*, 147 Ala. 526, 41 South. 772.

In *Richardson Drug Co. v. Dunagan, supra,* at page 319 of 8 Colo. App., at page 231 of 46 Pac., it was said:

"It is a well settled rule that a court of equity will not enjoin the collection of a judgment at law when there was no evidence of good defense that the defendant, for reason beyond his control, had been unable to interpose. See Story's Equity Juris., sec. 887, and cases cited, and sec. 890.   Mr. High, in sec 117, states the rule to be: 'It must satisfactorily appear that the judgment is manifestly wrong and that upon a trial a different result would be produced, and unless these facts satisfactorily appear, the bill cannot be maintained. The complainant must be able to impeach the justice of the verdict at law.'   The question is, if the judgment were set aside and a new trial granted, would complainant be entitled to succeed upon the showing made in the equity case? See, also, *George v. Tutt,* 36 Mo. 141; *Duncan v. Gibson,* 45 Mo. 352; *Hazeltine v. Reusch,* 51 Mo. 50; *Taggart v. Wood,* 20 Iowa, 236; *Ableman v. Roth,* 12 Wis. 81; *Surdsey v. Sellers,* 26 Miss. 173; *Cotton v. Hillier,* 52 Miss. 7."

In High on Injunctions, 4th ed., sec. 126, the doctrtine is thus stated:

"No rule of the law of injunctions is more firmly established than that which requires a suitor who seeks the aid of equity against the enforcement of a judgment to allege and show, not only that it would be against equity and good conscience to execute the judgment, but that he has a good and valid defense to the claim upon which it was founded.  The

obvious reason for the rule is that the court will not lend its aid and grant a new trial where the final result will not be changed. * * * The doctrine has been carried even further, and it has been held that it must clearly appear that the plaintiff in the action at law had in fact no cause of action. This being shown to the satisfaction of the court, the judgment will be enjoined if there has been no laches or negligence upon the part of the complainant. And it is not sufficient to bring the case within the rule that the bill should allege generally that the complainant has a good defense to the action at law, and that it would be inequitable to enforce it; but the facts constituting such defense should be clearly set forth."

A like rule is laid down in Pomeroy's Equity Jurisprudence, *supra,* as follows:

"It is not the province of equity to correct mere technical wrongs. A party seeking its aid must show some substantial injury. It frequently happens that a judgment is obtained by fraud, accident, or surprise, although the same result would be reached if an adversary trial had been had. In such a case the defendant at law is equitably bound to pay the amount of the judgment and equity will not interfere to relieve him. The fraud, accident, or surprise, is; in such a case, a mere technical wrong. Hence it is laid down that equity will not relieve from judgments in general unless a meritorious defense is shown, so that on a re-examination and re-trial of the case the result would be different. This rule is universal as to judgments obtained merely by fraud, accident, or surprise."

Regardless, then, of consent or lack of consent by the commissioners to the Sweet judgment, the plaintiff does not show that it has been hurt, or has suffered any injury or injustice. These are fundamental matters, and unless clearly made to appear, the complainant cannot properly and lawfully be given relief. Moreover, it is not shown that there is a meritorious defense to the Sweet demands, which

from anything appearing in the record, are valid and enforceable.· For these reasons the complaint herein plainly fails to state a cause of action, and the judgment of the trial court in annulling and setting aside the Sweet judgment·upon an wholly insufficient complaint is palpably wrong.

The numerous authorities referred to by counsel for the company in their ·brief, wherein confessed judgments against municipalities have been set aside for fraud, serve only to emphasize the fact that the question whether the claim sued upon was a valid or invalid one is the controlling factor in such cases. In every decision cited by them to this point the ground upon which the judgment ·was set aside is plainly shown to have been because the demand thus put to judgment was an invalid and illegal one.

While it is true that the complaint in the *Sweet* case is far from being complete, definite and certain, and is also unsatisfactory in other particulars, still the record plainly indicates the existence of facts upon which one could have been framed that would have been unobjectionable. This proposition is abundantly supported by our own decisions. *Blanchard v. Chaffee County,* 15 Colo. App. 410, 62 Pac. 579; *Hockaday v. County Commissioners,* 1 Colo. App. 362, 29 Pac. 287; *Forbes v. Grand County,* 23 Colo. 344, 47 Pac. 388; and *Bent County v. Santa Fe Company,* 52 Colo. 609, 125 Pac. 528.

To summarize, it is here sought to set aside a judgment against the County of Archuleta, obtained by William E. Sweet, ,the owner of sundry county warrants, and of unquestioned ·indebtedness which they evidence, solely upon the ground of defects and irregularities in such warrants, which defects, if they exist, are universally held by the authorities to be of no concern, provided the original indebtedness be *bona fide.* Against such an assault the judgment must be held in all respects a legal and valid one. That judgment can only be successfully challenged upon substan-

tial and meritorious grounds, going to the validity of the underlying debt, not merely to that of the warrants, which at most are but mere evidences of the debt.

In this case it is not claimed that there was any defect in the authority to create the indebtedness. It appears that the powers of the county were lawfully pursued. It got what it contracted for; it acknowledged the obligations by the issuance of warrants. Afterward it consented to *payment*, a perfectly legitimate and proper thing to have done, and the complainant ought not to be permitted to escape its share of the taxes required to liquidate these unassailed obligations.

The judgment is reversed and the cause remanded, with instructions to the District Court to dismiss the complaint, for the plaintiff having had and declined one opportunity to amend, should not have another.

*Judgment reversed and cause remanded.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE WHITE concur.