No. 9918.

Rogers v. Bruce.

Decided December 6, 1920.

Action to enjoin the enforcement of a justice of the peace judgment. Judgment of dismissal.

*Affirmed.*

On Application for Supersedeas.

1. JUDGMENT—*Injunction Against the Enforcement of.* In order to enjoin the enforcement of a judgment at law on the ground that it is unconscionable and inequitable, the complaining party must show facts which prove it to be against conscience to execute such judgment and of which he could not have availed himself at law, but was prevented by fraud or accident, unmixed with any fraud or negligence in himself or his agents.

2. EQUITY. In equity, no man can take advantage of his own wrong.

*Error to the District Court of San Miguel County, Hon. Thomas J. Black, Judge.*

Mr. E. B. ADAMS, Mr. WILLIAM H. GABBERT, for plaintiff in error.

Messrs. MOYNIHAN, HUGHES, KNOUS & FAUBER, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in error, Bruce, brought unlawful detainer against Plaintiff in Error, Rogers, in justice court. The premises in question were a portion of the unsurveyed public domain. Service was had, Rogers defaulted, and, on proof, judgment was entered for Bruce. Rogers appealed to the county court. The appeal was dismissed and writ of procedendo was issued to the justice. Writ of restitution was issued out of the justice court and served on Rogers. Disregarding the mandate thereof, he brought this action

against Bruce in the district court to enjoin the enforcement of the justice judgment. His petition was dismissed by the district court and he brings the cause here for review on error. It is now before us on his application for supersedeas.

BURKE, J., after stating the facts as above.

The complaint contains no allegation of fraud, deceit, or mistake. In it Rogers makes no explanation of his failure to defend in the justice court, and makes no attack upon the judgment there entered. The injunction is sought solely upon the ground that to permit the enforcement of that judgment would be unconscionable and·inequitable. If so what, if anything, must the aggrieved party do to entitle him to relief? ʹ

"Any facts which prove it to be against conscience to execute such judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will authorize a court of equity to interfere by injunction to restrain the adverse party from availing himself of such judgment."

*Fisher v. Greene,* 5 Colo. 541, 560. (Quoting 2 Story Eq. Jur. Sec. 887).

"Courts of equity will seldom interfere to enjoin a judgment at law where the defendant was served and allowed a judgment by default."

*Richardson Drug Co. et al v. Dunagan,* 8 Colo. App. 308, 319; 46 Pac. 227, 232.

It is here urged on behalf of Rogers that something happened subsequent to the judgment which destroyed its force, whereby it ceases to be effective, and the relief prayed for should be granted. The only evidence to support this position is the fact that Bruce failed to do those things required by Sec. 5130, R. S. 1908, in reference to his claim to the property in question, at a time when Rogers was, either by open defiance of a valid judgment, or by litigation which tied the hands of Bruce, maintaining that

possession which had been adjudicated illegal. Such failure was not due to "neglect" but to a commendable consideration for the law and its orderly enforcement. In equity no man can take advantage of his own wrong.

The supersedeas is denied and the judgment affirmed.