No. 11,605.

WAGNER *v.* JOHNSON.

Decided July 6, 1926.

Action to enjoin execution of a justice of the peace judgment. Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1.   JUDGMENT—*Injunction.* If a judgment is not merely voidable, but void, its execution may be enjoined in equity if there be equity in the plaintiff's case.

2.      *Jurisdiction—Injunction.* To justify an injunction against the execution of a judgment, mere defect of jurisdiction is not enough, there must be a righteous defense to the action which produced the judgment.

*Error to the District Court of Washington County, Hon. H. E. Munson, Judge.*

Mr. FRANK D. ALLEN, for plaintiff in error.

Messrs. PELTON & CHUTKOW, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

WAGNER was nonsuited, brings error, and moves for a supersedeas. The action was to enjoin execution of a justice's judgment rendered against Wagner in favor of Mrs. Johnson for possession of certain land, for $300 damages, with $100 attorney's fees and costs.

The plaintiff in error claims that the justice's judgment is void for want of jurisdiction for several reasons, one of which we think is good, but although, if a judgment is not merely voidable, but void its execution may be enjoined in equity (*San Juan etc., Co. v. Finch,* 6 Colo. 214; *Smith v. Morrill,* 12 Colo. App. 233, 241, 55 Pac. 824; *Wilson v. Hawthorne,* 14 Colo. 530, 533, 24 Pac. 548, 20 Am. St. Rep. 290) yet, to justify such injunction, there must be equity in the plaintiff's case. A mere defect of jurisdiction is not enough; there must be a righteous defense to the action which produced the judgment itself. *Sweet v. Denver & R. G. R. Co.,* 59 Colo. 131, 147 Pac. 669; *Richardson Drug Co. v. Dunagan,* 8 Colo. App. 308, 319, 46 Pac. 227; *Fisher v. Greene,* 5 Colo. 541, 560; *Rogers v. Bruce,* 69 Colo. 298, 193 Pac. 1076.

No equity is shown here. There is no evidence but that Wagner owes all or more than the judgment against him, and none that the judgment for possession is not just and right; the equitable relief, therefore, was rightly denied, and he should be left to whatever legal rights he may have.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.