WILLIAM DUNCAN, Respondent, v. DAVID E. GIBSON, Appellant.

1. *Equity—Injunction to stay judgment—What diligence in defending original suit must be shown.*—A., who being personally and duly served with process, permits judgment to go against him by default, can not enjoin its execution on the ground that he was kept away from attendance at court by threats of bodily harm. Such allegation shows no use of reasonable diligence in his endeavors to defend. *Non constat* but he might have defended through counsel, without his personal attendance.

*Appeal from Third District Court.*

*J. S. Phelps* and *T. A Sherwood*, for appellant.

*J. F. Hardin*, for respondent.

. CURRIER, Judge, delivered the opinion of the court.

This is a proceeding in equity to restrain a judgment at law. It appears from the record that Gibson, the present defendant, commenced a suit against Duncan, the present plaintiff, returnable to the Lawrence County Circuit Court ' at its May term, 1864. The suit was instituted in March of that year, and Duncan was personally and seasonably served with process. The petition in the case counted on a promissory note alleged to have been executed by Duncan, and which was alleged to have been lost or destroyed. Duncan did not appear to the action or make any defense, and judgment was in consequence taken against him by default.

On the 20th of October, 1865, the present proceedings were instituted to enjoin the judgment rendered in the former suit. As grounds for the injunction, it is alleged that the judgment was founded upon a note which had been fully paid, satisfied, and surrendered prior to the commencement of that action, and that the plaintiff therein was well aware of the fact at the time ; that, notwithstanding the groundlessness of the suit, the defendant therein ( the present plaintiff ) was deterred from making any defense thereto, because of " threats of violence to his person ; which threats (the petition alleges) were avowed and put forth by persons of dangerous conduct and vicious habits ;" whereby, it is further alleged, the defendant (present plaintiff) "had good reason to fear, and did fear, that if he appeared at the May term of the Lawrence Circuit Court, the time when said summons was returnable, his life would be taken." The petition is voluminous, but the foregoing exhibits the substance of its material parts. The defendant demurred to the petition, and thus raises the question whether the plaintiff has shown, by his allegations, a sufficient excuse for not making in the former suit such defense as he might have had thereto while the same was pending. The Circuit Court granted the injunction, and the District Court affirmed its judgment. The defendant brings the case here by appeal.

It is a well established principle that, in cases of this class, the complainant must not only show that he had a good defense to

the suit, in which the judgment sought to be enjoined was rendered, but also that he had used all reasonable diligence in his endeavors to make such defense available in that suit. If the failure of the defense resulted from the defendant's own negligence, inefficiency, and want of care, he is thereby shut out from the remedy by injunction. It has repeatedly been so held by this court, and there is no occasion for a further discussion of the subject at this time. (George v. Tutt, 36 Mo. 141; Reed's Adm'r v. Hansard, 37 Mo. 199; March's Adm'r v. Bast, 41 Mo. 493.)

An application of the principle above announced, to the facts disclosed in the plaintiff's petition, is fatal to the case. He shows no diligence, or that he made any effort whatever to defend against the suit at law. He does not appear to have even taken the trouble to consult counsel on the subject. His fear of harm, in case he made his personal appearance at the Lawrence Circuit Court, furnishes no excuse for his neglect to employ an agent to look after his interests. The alleged threats, instead of furnishing an excuse for his remissness in this respect, exhibit his negligence in a more remarkable light. There is nothing to show that his personal attendance at court was in any way necessary to the transaction of whatever might be required to be done at the return term of the writ, or that an attorney could not, in the absence of Duncan, have done all that was necessary. But the plaintiff employed no agent or attorney, nor did anything looking to a defense of the suit, so far as appears. He was personally served with process, and thus apprised of the claim being made upon him, but seems, nevertheless, to have treated the process of the court with entire indifference, permitting judgment to go against him by default. He must abide the consequences of his remissness and folly. The case of George v. Tutt, above cited, presents quite as strong grounds for an injunction as appear in the case at bar.

With the concurrence of the other judges, the judgment will be reversed and the petition dismissed.