SHELBINA HOTEL ASSOCIATION, Respondent, *vs.* GEORGE J. PARKER, Appellant.

58 327
131 446

58 327
139 688

58 327
143 519

58 327
147 647

58 327
97a 693
97a [1]696

1. *Practice, civil—Res adjudicata—Subsequent proceedings—Laches.*—Where a party to an action, being fully apprised of his rights, suffers judgment to go against him when he might, by the exercise of reasonable diligence in making his defense, prevent a recovery of the amount claimed, either in whole or in part, he cannot, in a subsequent proceeding, at law or in equity, be allowed to re-agitate questions which were, or should have been, adjudicated at the former trial.

2. *Arbitration and award—Confirmation, effect of.*—Section 17 of the act concerning arbitrations and awards (Wagn. Stat., 145) imparts to a judgment of confirmation of such award equal force with judgments in ordinary actions; and such a confirmation is fully as conclusive as though the judgment had been obtained in an action on the award.

*Appeal from Shelby Circuit Court.*

*Anderson & Boulware,* for Appellant.

I. The judgment of the court on the award is a complete bar to plaintiff's action herein : 1st—Said judgment had the same force and effect that a judgment in an action of debt upon the award would have had. (Wagn. Stat., p. 145, § 17; G. Stat., ch. 198, § 17.) Any matter which at law or in equity would constitute a defense to an action on the award, might have been set up in the proceeding under the statute by motion. (Field vs. Oliver, 43 Mo., 201.) Nor does it admit of doubt that, under our practice, any state of facts which in equity would be ground for setting aside and vacating an award in a direct proceeding for that purpose, may be set up in defense to an action on the award. (Valle vs. N. Mo. R. R. Co., 37 Mo., 450; Hyeroniums vs. Allison, 52 Mo., 102; Gen. Stat. Mo., ch. 165, § 13.)

II. The award was merged in and extinguished by the judgment. (Freem. Judgm., § 215, *et seq.*, and authorities cited.)

III. The award and the rights of the parties growing out of it have passed "*in rem adjudicatam.*" The judgment, until reversed by a superior court, is conclusive between the parties as to their rights. It concludes the defendant therein

as to every matter which was open to him as a defense. *Interest reipublicœ ut sit finis litium.*" (Aurora City vs. West, 7 Wall., 102; Homer vs. Fish, 1 Pick., 435; Freem. Judg't, § 215, *et seq.; §§* 286–289, and authorities cited; Donahue vs. Prentiss, 22 Wis., 311; Beloit vs. Morgan, 7 Wall., 621; Sheets vs. Selden, 7 Wall., 423; Binck vs. Wood, 43 Barb., [N. Y.], 315; Bobi's heirs vs. Stickney, 36 Ala., 482.)

IV. The fact averred as the gravamen of the action was known to plaintiff before the proceeding was had on the award, and a failure to set it up would be such negligence as would cut off any right he might otherwise have to maintain an action to set aside the judgment. This would be true if the fact averred was fraud instead of mistake, and if it were true that fraud or mistake in the original transaction was ground for setting aside the judgment in a direct proceeding in equity for that purpose.

V. It is well settled, that money paid under a judgment cannot be recovered back in a new suit, grounded on any matter that would have been a defense to the former action. (Marriot vs. Hampton, reported in Smith's Lead. Cas., vol. 2, top p. 333, side p. 237; and the notes thereto both English and American, and the authorities therein cited; Homer vs. Fish, above cited; Freem. Judg't, and the authorities above referred to.)

*Dryden & Dryden with Chas. M. King*, for Respondent.

I. The petition though not formally a bill, is nevertheless substantially a bill in equity to set aside the award for mistake. Upon the facts of the case the plaintiff was relievable in equity. (Valle vs. N. Mo. R. R. Co., 37 Mo., 451; 2 Greenl. Ev., § 78; Sto. Cont., §§ 985, 986; 2 Parson's Cont., pp. 701–4; 2 Sto. Eq. Jur., § 1456.)

II. It was competent to establish the mistake by the testimony of the arbitrators. (Valle vs. N. Mo. R. R. Co., *supra;* 2 Greenl. Ev., § 78.)

III. The judgment in this case is so palpably for the right party that the court will not reverse for merely technical considerations.

SHERWOOD, Judge, delivered the opinion of the court.

The judgment in this case must be reversed on two grounds:

First, the petition which seeks to recover $172.80, from the defendant, on account of a mistake made to that extent by the arbitrators, who were selected by the parties to settle a question of difference between them respecting the building of a hotel for the plaintiff by the defendant, and the amount of money yet remaining unpaid to him on the contract, shows upon its face, that the plaintiff was made aware of the mistake by the arbitrators, soon after they had signed and before they had delivered their award, and that, notwithstanding this information, the plaintiff permitted the award, without objection, to be confirmed under the provisions of the statute by the judgment of the Circuit Court, and subsequently satisfied the execution issued on such judgment. At the trial, the introduction of any evidence was objected to on the ground that the petition did not state facts sufficient to constitute a cause of action, and in thus objecting, the defendant was undoubtedly right. After the numerous adjudications on this point, it ought to be regarded as settled, that where a party to an action, being fully apprised of his rights, suffers judgment to go against him, when he might, by the exercise of reasonable diligence in making his defense, prevent a recovery of the amount claimed, either in whole or in part, he should not be allowed in a subsequent proceeding to re-agitate questions which either were, or else would have been, adjudicated at the former trial, but for his inexcusable neglect.

And in this regard, courts of law, as well as courts of equity, pursue the same wise policy, and concur in the application of the same enlightened maxims. (Freem. Judg'ts, § 249 and cases cited; 2 Sto. Eq. Jur., §§ 895, 895a, 896, and cases cited; Greatheart vs. Brownley, 7 T. R., 455; Aurora, City vs. West, 7 Wall., 82, and cases cited; Duncan vs. Gibson, 45 Mo., 352 and cases cited; Valle vs. N. Mo. R. R., 37 Mo., 445; Bateman vs. Willoe, 1 Sch. & Less., 204; Smith vs.

Lowry, 1 Johns. Ch.,322; Smith vs. Lewis, 3 Johns., 157; Peck vs. Woodbridge, 3 Day, 36 ; Mariott vs. Hampton, 7 T. R., 269 ; Homes vs. Avery, 12 Mass., 137 ; *Id.*, 268 ; State vs. Coste, 36 Mo., 437 ; Doty vs. Brown, 4 Comst., 71 ; Gardner vs. Bucklee, 3 Cow., 120 ; Ketchen vs. Campbell, 3 Wils., 304 ; Miles vs. Caldwell, 2 Wall., 35 ; Primm vs. Raboteau, 56 Mo., 407.)

That the plaintiff had ample time and opportunity to move to modify the award in the particular referred to, and thus obviate the mistake into which the arbitrators had fallen, is clearly shown by the petition ; and section 10, *et seq.*, of the statute, respecting arbitrations and references, makes full provision for the correction of an error of this sort, giving a party desirous of doing so, until the "next term after the publication of the award " in which to move for redress of the grievance complained of.

And section 17 of that act imparts to a judgment of confirmation, rendered in accordance with the provisions of the law referred to, equal force and validity as that possessed by judgments in ordinary actions, and makes them fully as conclusive as though that judgment had been recovered in an action on the award. The effect then, of the judgment mentioned in the petition, was to merge the award in such judgment, so that, whether the present proceeding is to be regarded as one in the nature of a bill in equity to set aside the award, or as an action for money had and received, the petition utterly fails to state any ground for relief in equity, or recovery at law ; showing as it does, a judgment of the same court, between the same parties, in respect to the same subject matter, unreversed, and that the present suit is brought to recover the amount of the excess of that judgment, and that such excess consists of, and was caused by the before mentioned mistake, which, but for plaintiff's own laches, would never have formed a part of the judgment. Under such circumstances, it would be outside of all precedent, for either a court of law or a court of equity to afford any redress. (See above cited authorities.)

Again, aside from the absence of any statement of a cause of action in the petition, a fault equally fatal to plaintiff's case, is met with in the undenied statements of defendant's answer, pleaded as a bar to the action, showing that the motion of the plaintiff to modify the award with regard to the same mistake on which the present suit is based, and the motion of the defendant to confirm the award, being heard together, the former motion was overruled, and the latter sustained, and a judgment of confirmation entered accordingly; and that the same was in full force. It thus stands admitted of record that the very point in controversy, and between same parties, had received adjudication in a former action; the validity of the judgment then rendered, remaining unquestioned. And besides this, the attention of the court, before the introduction of testimony, was expressly called to this state of the pleadings, so that whatever may be thought of the necessity of such action on the part of a party pleading new matter, which is not denied, it is sufficient to observe, that defendant fully complied with any such supposed necessity. And the authorities heretofore cited, are fully applicable also to the issues raised by the new matter contained in the answer.

Judgment reversed; all the judges concur.