**ZURHEIDE–HERMANN, INC., a corporation, Respondent,**

v.

**LONDON SQUARE DEVELOPMENT CORPORATION et al., Appellants.**

No. 56945.

Supreme Court of Missouri,
Division No. 2.

Dec. 14, 1973.

Motion for Rehearing or Transfer to Court
En Banc Denied Jan. 14, 1974.

162

Thomas, Busse, Cullen, Clooney, Weil & Ottsen, Donald H. Clooney, St. Louis, for respondent.

Roger M. Hibbits, Florissant, for appellants.

HOUSER, Commissioner.

This is an appeal from an order overruling a motion to set aside a default judgment in the sum of $31,350.57. Notice of appeal was filed May 21, 1971.

Zurheide-Hermann, Inc. filed a suit for breach of contract against three corporations, London Square Development Corporation, U. S. Construction and Development Corporation, and Lewis & Clark Towers, Inc. (hereinafter referred to as "London," "Construction" and "Towers," respectively), and one individual, John A. Defford. Subsequently two other corporations, Project Development and Leasing, Inc. (hereinafter "Development") and Lewis & Clark Management Company, John A. Defford, Registered Agent (hereinafter "L & C"), were added as parties defendant by amendment of the petition.

Defendants were personally served. Attorneys Carleno and Nick, representing all

defendants, filed on their behalf a motion to dismiss the amended petition, which was overruled. Thereafter and on July 11, 1968 defendants filed answers and plaintiff filed a reply. About eleven months later (nothing of record having transpired in the interim)—on June 9, 1969—Carleno and Nick by leave of court formally withdrew as attorneys for all defendants.

Forty days later, on July 19, 1969, plaintiff filed written interrogatories, to be answered separately by each of the defendants London, Towers, Development and John A. Defford. Rule 56.01, V.A.M.R., authorizes "[a]ny party [to] serve upon any party written interrogatories to be answered by the party served or, if the party served is a * * * private corporation * * *, by any officer or agent, * * *." The governing rule with respect to service of interrogatories is Rule 43.01, the pertinent provisions of which are:

"(a) Service—When Required. Every pleading, subsequent to the original petition, every written motion, other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, order, and similar paper which by statute, court rule or order is required to be served, shall be served upon each of the parties affected thereby, but no service need be made on parties in default except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons.

"(b) Service—Upon Attorney. Whenever under these rules, or any of the statutes of this state, service is required or permitted to be made upon a party represented by an attorney of record, the service shall be made upon the attorney unless service upon the party himself is ordered by the Court. When a party is represented by more than one attorney service may be made upon any such attorney.

"(c) Service—How and by Whom Made. Unless otherwise ordered by the Court, service required by subsections (a) and (b) of this rule may be made in the following manner:

"1. Upon the attorney by delivering a copy to him or by leaving a copy at the attorney's office with a clerk or secretary or with an attorney employed by or associated with the attorney to be served, or by mailing a copy to such attorney at his last known address;

"2. Upon a party by delivering or mailing a copy to him or by serving a copy in the manner provided for service of summons in Rule 54.06.

"Service provided for in (c)(1) and (2) may be made by a competent witness. Service by mail is complete upon mailing.

"(d) Service—How Shown. Service may be shown by acknowledgment of receipt or by affidavit or by written certificate of counsel making such service."

The following certificate of counsel making service was typed on the last page of the interrogatories:

"Copy of the foregoing mailed this 18th day of July, 1969 to John J. Cento, Registered Agent for London Square Development Corporation, 9953 Lewis & Clark Boulevard, St. Louis, Missouri; John A. Defford, Registered Agent for Lewis & Clark Towers, Inc., 9953 Lewis & Clark Blvd., St. Louis, Missouri; John J. Cento, Registered Agent for Project Development and Leasing, Inc., 9953 Lewis & Clark Blvd., St. Louis, Missouri and John A. Defford, 9953 Lewis & Clark Blvd., St. Louis, Missouri

/S/ Donald H. Clooney"

A post office receipt for registered mail shows delivery on August 5, 1969 and that "Mrs. J. Defford" signed for the registered mail.

On August 27, 1969 plaintiff filed a motion to compel defendants to answer interrogatories or in the alternative to strike defendants' pleadings. The following ap-

pears on the last page of this motion, immediately following the attorneys' signature to the motion:

> "Copy of the foregoing mailed this 26th day of August, 1969, to *London Square Development Corporation, Lewis & Clark Towers, Inc., Project Development and Leasing, Inc.* and *John Defford % John A. Defford, 6680 Parker Road, Florissant, Missouri*

> /S/ Donald H. Clooney
> Donald H. Clooney, Attorney for Plaintiff

> "The above Motion set for hearing on Friday, September 5, 1969.

> /S/ Donald H. Clooney
> Donald H. Clooney, Attorney for Plaintiff"

On September 5, 1969 the court sustained the above-mentioned motion, "[i]t being shown to the Court that all defendants were duly mailed a copy of the interrogatories and a copy of the motion to compell [sic] answers to interrogatories * * *," and directed defendants to answer the interrogatories on or before September 20, 1969, failing in which their pleadings would be stricken. Plaintiff's attorney was directed to notify all defendants of this order by mail.

On September 9, 1969 attorney Clooney on his firm's stationery wrote a letter to London, Development, L & C and John A. Defford, at the address 6680 Parker Road, Florissant, Missouri 63033, advising them that on September 5 the motion last mentioned was called; that plaintiff appeared but defendants did not appear; that on proof of mailing of the interrogatories, motion and notice of hearing the motion was sustained; and that defendants were directed to answer by September 20 or have their pleadings stricken.

On September 29, 1969 the court granted a default and inquiry to plaintiff, striking the answers of the four defendants.

On October 21, 1969 plaintiff's motion for default was heard and granted. The court rendered judgment against the four defendants for a total of $31,350.57.

Following attempts to enforce payment of the judgment an attorney entered his appearance for John A. Defford and filed a motion on behalf of all defendants to set aside the judgment, alleging that they received notice of the judgment on or about May 20, 1970; that they had valid defenses to plaintiff's charges; that the default judgment is defective for irregularities on the face of the record because (1) defendants were never in default; (2) mailing the interrogatories and motion was contrary to court rules; (3) adequate notice of hearing of the motion was not given to defendants; (4) adequate notice of the court's action of September 5, 1969 was not given to each defendant; (5) adequate notice of hearing was not given because the one-line notice did not indicate a time or place of hearing. Following defendants' pleading to the motion and plaintiff's reply the motion was submitted to the court and overruled. Defendants' posttrial motions were subsequently overruled and . defendants appealed.

■ Appellants have filed a motion to strike certain portions of the statement of facts in respondent's brief, on the ground that certain statements therein are incorrect, argumentative and improper. There are certain inaccuracies in respondent's statement of facts but this appeal involves record facts, which we can ascertain without difficulty, and the inaccuracies and argumentative portions of the brief statement of facts are not of such a nature as to interfere with our ability to determine the case on the merits with reasonable certainty and effort. Accordingly, in the interests of justice the motion to strike is overruled. *Fowler v. Laclede Gas Company*, 488 S.W.2d 934 [1] (Mo.App.1972).

### Point I.

Appellants have briefed and argued several reasons why the default judgment should have been set aside for irregularities patent on the face of the record.

■ Appellants argue that the court should not have sustained plaintiff's motion to compel answers to the interrogatories or strike their pleadings because the interrogatories, motion and notice of hearing were not properly served, in that they were *mailed* to parties not represented by counsel of record; that mailing the interrogatories, motion and notice of hearing was insufficient service under Rules 43.01 (a) and (b) and 56.01(a). At the time of the filing of the interrogatories and motion appellants were not represented by an attorney of record, and therefore paragraphs (b) and (c), subd. 1 of Rule 43.01 did not apply. Paragraph (c), subd. 2 of Rule 43.01 was applicable. It provides three methods by which service may properly be obtained on a party: "by delivering or mailing a copy to him or by serving a copy in the manner provided for service of summons in Rule 54.06." Plaintiff adopted the second method, by mailing a copy of the interrogatories, motion and notice to the defendants. That type of service, specifically authorized by par. (c), subd. 2, is not subject to appellants' objection.

■ Appellants contend, however, that the motion and notice were mailed to the wrong person for certain of the appellants, and to the wrong address for all of them, and therefore the notice was not reasonable notice so as to fairly and properly inform them of the facts. The charge that the papers were mailed "to the wrong person for certain of the appellants" is ambiguous and has not been clarified or supported by evidence. It is not clear which of the appellants is meant by "certain of the appellants." The charge is not supported by evidence. Nor is the charge that the papers were mailed "to the wrong address for all of them" supported by evidence. Counsel's bare statement to that effect is not proof of the fact. In the absence of evidence to the contrary there is a rebuttable presumption that a written certificate by counsel making service that papers have been mailed to named parties at an address certain speaks the truth, i. e., that the papers were mailed to the parties named, at the address given, and that the attorney entertained the belief in good faith that the address was in fact the proper address of the parties named.

■ Appellants argue that the one-line notice of the hearing appearing between the attorney's two signatures at the end of the motion ("The above Motion set for hearing on Friday, September 5, 1969") was required to be served; that the service was insufficient, did not constitute reasonable notice, and was not fair or proper. It is true that the notice was required to be served. As we have seen, the type of service adopted was proper and the service sufficient for that type of service. In point of time the notice was reasonable and did not violate the 5-day requirement of Rule 44.01 (d). It is true that the notice did not give the time of day when or the number of the division of the circuit court where the motion was to be heard. In that respect the notice was lacking, but any reasonable person receiving the quoted notice, if careful to protect his rights, would reasonably be expected to ascertain from court officials in what courtroom the case would be heard and when court convened, and would present himself in that court at that time. While specific notice of time and place would have been more desirable, the notice given was not unreasonable.

■ Appellants complain that it was not alleged in the motion or proved that the refusal to return answers to the interrogatories was wilful and that the service of the interrogatories was proper, as required by Rule 61.01(d). The court's order of September 5, 1969 recites that all defendants were duly mailed a copy of the interrogatories, a copy of the motion to compel answers and a notice, and that the defendants did not appear when the motion was called for hearing. The order further warned that if defendants failed to answer the interrogatories on or before September 20 their pleadings would be stricken. The court's order of September 29 recited that "Pursuant to the Order of Sept. 5, 1969" the court strikes the answers. The motion, without a specific allegation of wilfulness,

was sufficient to activate an inquiry under Rule 61.01. Implicit in the court orders is a finding that the service of the interrogatories was proper and that the failure of defendants, having due notice, to appear or answer constituted a wilful refusal.

■ Exception is taken to the method of giving notice by one letter directed to all defendants. Appellants contend that a separate notice (and presumably a separate letter) should have been sent to each defendant. The record does not show whether the original of the letter of September 9, 1969 was sent to one of the defendants with a carbon copy to each of the other three, or whether only the original was sent to all four jointly. Assuming the latter, there is no such irregularity in this method of notice as to require the setting aside of a judgment, particularly in the absence of proof that no notice was actually received by the defendants.

Finally, under Point I, appellants claim that there was no motion to strike before the court and that no notice or opportunity to be heard was afforded them. This contention is contradicted by the record above referred to and need not be further explored.

### Point II.

Appellant contends that for all of the irregularities and procedural defects alleged under Point I they were denied due process of law under state and federal constitutional provisions. Since, as we have held, there was sufficient compliance with the procedural requirements of the rules appellants' rights to due process of law have not been violated.

There being no irregularity on the face of the record sufficient to require the default judgment to be set aside, and no violation of appellants' rights to due process of law, the order overruling the motion to set aside judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HENLEY, P. J., MORGAN, J., and DONNELLY, C. J., concur.

FINCH, J., not sitting.

## ON MOTION FOR REHEARING OR TRANSFER TO THE COURT EN BANC

PER CURIAM:

■ Appellants have filed a motion for rehearing or in the alternative to transfer the cause to the Court en Banc. Mo.Const. Art. V § 9, V.A.M.S. One ground for transfer is that a federal question is involved; that appellants were denied due process of law in that they were deprived of notice and an opportunity to be heard on the motion to compel answers or strike. The term "federal question" as used in § 9 of Article V pertaining to the jurisdiction of the Supreme Court refers to "cases involving the *construction* of the Constitution of the United States or of this state, * * *." White v. State, 430 S.W. 2d 144, 148 [4] (Mo.1968). (Our emphasis.) The issue on this appeal did not require the *construction* of the due process clause of the federal constitution, but merely the *application* thereof to the facts at hand, and therefore no federal question was involved. And see State ex rel. Perrine v. Keirnan, 361 Mo. 871, 237 S.W.2d 156 (1950).

■ We disallow appellants' further contention that the cause should be transferred because the questions involved in this case are of such general interest and importance that the final decision thereon should be made by the Court en Banc.

The grounds asserted by appellants for a rehearing constitute mere reargument of issues determined by the opinion, and pursuant to Rule 84.17, V.A.M.R. are disregarded.

The motion for rehearing or to transfer is overruled.