ESCO INDUSTRIES, INC., d/b/a Major
Cadillac Leasing Co.,
Plaintiff-Appellant,

v.

INDIAN CREEK HILLS, INC., and
Charles R. Landolt,
Defendants-Respondents.

No. 9750.

Missouri Court of Appeals,
Springfield District.

Nov. 3, 1975.

Dale E. Sporleder, Kyle D. Williams,
Spencer, Fane, Britt & Browne, Jefferson
City, for plaintiff-appellant.

Tweedie Fisher, Jefferson City, for de-
fendants-respondents.

Before STONE, P. J., and HOGAN and
FLANIGAN, JJ.

FLANIGAN, Judge.

On July 14, 1971, plaintiff Esco Indus-
tries, Inc., instituted this action in the Cir-
cuit Court of Camden County, Missouri,
against defendants Indian Creek Hills, Inc.
and Charles R. Landolt, to recover a sum
allegedly owed by defendants to plaintiff
under an automobile lease. The defendants
filed a motion for a more definite state-
ment. On May 9, 1972, the motion was
overruled and the defendants were given 30
days in which to plead. On July 11, 1972,
the plaintiff filed a motion "for default
judgment against defendants in this case,
defendants and each of them having failed
to file responsive pleading within the 30
days granted defendants to do so." The
trial court sustained the latter motion and
entered judgment in favor of plaintiff and
against defendants in the sum of $9,356.50,
together with interest and costs.

Later the defendants filed a verified
"Motion to Set Aside Judgment." The
timeliness of this motion is not attacked
and is not an issue on this appeal.

■ The verified motion[1] alleged, in general, that defendants had not complied with the order of May 9, 1972 with regard to filing a responsive pleading for the reason that, after that order was entered, counsel for plaintiff and counsel for defendants had agreed that "the answer of the defendants could be held in abeyance until each counsel conferred with their respective clients and until counsel for each party again conferred on settlement." Other allegations of the motion, if true, make it clear that procuring the entry of the judgment was in contravention of the agreement between counsel. See *J. R. Watkins Company v. Hubbard,* 343 S.W.2d 189, 192[2] (Mo. App.1961).

The question of setting aside the judgment was submitted to the trial court on the basis of the verified motion "without further testimony."

■ The trial court entered its order sustaining defendants' verified motion and the judgment was set aside. Plaintiff appeals from the latter order.[2]

Respondents have filed a motion to dismiss the appeal on the ground that appellant's brief fails to meet the requirements of Rule 84.04. The disposition of this appeal makes it unnecessary to discuss the merits of this motion, and it is overruled.

This court has read the transcript, the briefs of the parties, and the authorities cited therein. This court determines that the order of the trial court setting aside the judgment is based on findings of fact which are not clearly erroneous. This court further determines that no error of law appears and that an opinion would have no precedential value. This affirmance is in compliance with Rule 84.16(b), V.A.M.R.

The order setting aside the judgment in favor of plaintiff and against defendants in the sum of $9,356.50, together with interest and costs, is affirmed.

All concur.

1. The motion also alleged that the defendants "have a meritorious defense to plaintiff's petition" and stated facts in support of that allegation. Plaintiff does not attack the sufficiency of those facts.

2. The order was appealable because the judgment which it set aside was a final one. *Diekmann v. Associates Discount Corporation,* 410 S.W.2d 695, 699[3] (Mo.App.1966).