John DEFFORD, Appellant,

v.

ZURHEIDE-HERMANN, INC., Respondent.

No. 36881.

Missouri Court of Appeals,
St. Louis District,
Division Three.

March 16, 1976.

Motion for Rehearing or Transfer
Denied April 13, 1976.

Application to Transfer Denied
June 14, 1976.

Roger M. Hibbits, Florissant, for appellant.

Thomas, Busse, Goodwin, Cullen, Clooney & Ottsen, Donald H. Clooney, St. Louis, for respondent.

GUNN, Judge.

Plaintiff-appellant John Defford appeals from a judgment of the trial court sustain-

ing a motion to dismiss Defford's five count petition requesting that a default judgment be set aside and for other relief. We affirm the trial court's action.

In the tedious journey to the denouement of this case, we must briefly indite the past involutions of this terribly jaded litigation which lead to its present status. The germ root of this litigation was planted long ago—August 11, 1967—when Zurheide-Hermann, Inc. (defendant-respondent here) filed suit for breach of contract against Defford and three corporations.[1] Answers and a reply were filed on behalf of Defford and the other defendants. Many days and legal maneuverings passed, including the withdrawal of Defford's attorneys on June 9, 1969. On July 19, 1969 Zurheide-Hermann filed interrogatories to be answered by Defford with copies of the interrogatories served on Defford by registered mail. On August 27, 1969 Zurheide-Hermann filed a motion to compel Defford to answer the interrogatories with notice that the motion to compel answers was set for hearing on September 5, 1969. At the September 5 hearing, for which Defford did not appear, the trial court sustained the motion to compel answers and set September 20, 1969 as the date by which Defford was to answer the interrogatories with failure to do so to result in the striking of Defford's pleadings. Defford was notified of the trial court's action, and still nothing was forthcoming from him or any of the corporate defendants. On September 29, 1969 default and inquiry was granted to Zurheide-Hermann, and Defford's and the other defendant's pleadings were thrown out. On October 21, 1969 Zurheide-Hermann's motion for default judgment was heard and granted with judgment entered against Defford and the other defendants for $31,350.57.[2]

On September 28, 1972, nearly three years after the entry of the default judgment, Defford and the corporate defendants filed a joint motion to set aside the judgment. The allegation was made that the default judgment was defective for irregularities patent on the face of the record. Defford's argument was that he was never in default; that the interrogatories and motion to compel answers were improperly mailed; and that inadequate notice was given of the hearing to compel answers or strike defendant's pleadings.[3] The trial court overruled Defford's motion to set aside the default judgment, and the trial court's ruling in that regard was appealed to the Missouri Supreme Court. On December 14, 1973, the Supreme Court in *Zurheide-Hermann, Inc. v. London Square Development Corp.,*[4] 504 S.W.2d 161 (Mo. 1973), found that the default judgment was not defective and affirmed the trial court's order overruling Defford's motion to set aside the judgment. Specifically, the Supreme Court found that the written interrogatories, motions to compel answers and notices of hearing on the motion to strike pleadings were properly served. It was held that Defford was afforded adequate notice and opportunity to be heard. All of the foregoing brings us to the controversy confronting this court.

Having failed before the Supreme Court to have the default judgment set aside for errors patent on the pleadings, Defford, on August 9, 1974, as plaintiff to this case, filed a five count petition seeking: 1) to set aside the default judgment of October 21, 1969, by writ of coram nobis on the ground that Zurheide-Hermann had committed fraud in failing to carry out a settlement agreement; 2) that the judgment be set aside for fraud; 3) that judgment be en-

---

1. Zurheide-Hermann, Inc. initially filed suit against John Defford, individually, London Square Development Corporation, United States Construction and Development Corporation, and Lewis & Clark Towers, Inc. The suit was subsequently expanded to add Project Development and Leasing, Inc. and Lewis & Clark Management Co. as parties defendant.

2. The notices, motions, orders and judgments applied to the corporate defendants as well as to Defford.

3. Defford's argument was also applicable to the corporate defendants in the default judgment.

4. The style of the suit as originally filed on August 11, 1967.

tered in Defford's favor on the alleged settlement; 4) that damages be awarded Defford by reason of Zurheide-Hermann's malicious prosecution of the default judgment; 5) that garnishment and execution by Zurheide-Hermann on the default judgment be quashed. The basic thrust of Defford's new suit is whether Zurheide-Hermann obtained the default judgment against Defford by fraud. Going to the heart of Defford's current action, which is the five count petition against Zurheide-Hermann,[5] is Defford's allegation that before the default was entered, the case had been settled as to him. According to Defford it was agreed that Zurheide-Hermann would dismiss the action against Defford and Project Development Leasing, Inc. and take a consent judgment against the other defendants. Supposedly, the settlement agreement that the action against Defford would be dropped took place while Defford was represented by counsel (prior to June 9, 1969, the date when Defford's attorney withdrew). Thus, according to Defford, all the actions of Zurheide-Hermann in serving interrogatories, motions, notices and the taking of the default judgment during the months of August, September and October were contrary to an alleged agreement made sometime prior to June, 1969. Accordingly, Defford alleges the default was obtained by deceit and fraud.

Zurheide-Hermann as defendant in this action filed a motion to dismiss Defford's petition, or in the alternative, to make it more definite. The trial court sustained Zurheide-Hermann's motion to dismiss, and Defford's motion to set aside the motion, or, in the alternative, motion for new trial was overruled.

Defford initially asserts that after the trial court had dismissed his petition, opportunity should have been given to him to amend his petition and present evidence to counter Zurheide-Hermann's allegations in its motion to dismiss. Defford also complains that the trial court failed to make written findings of fact or conclusions of law in support of its rulings. We forebear any discussion as to these assertions, for we find that the trial court was correct in dismissing Defford's petition. For the reasons which follow, Defford failed to state a cause of action, and no further evidence or amendment of petition would enable him to do so.

The first issue, which we consider as raised by Defford is that the default judgment of October 21, 1969, should have been set aside in equity on the ground of fraud in the procurement. Defford contends that prior to the entry of the default judgment that a settlement had been reached between Zurheide-Hermann and him; that in view of the settlement, the default judgment was fraudulently obtained. We find that Defford's action in this regard is barred by the doctrine of res judicata and by Defford's own inaction.

At the outset of this proceeding, Zurheide-Hermann filed a motion to dismiss Defford's petition, asserting as one of its grounds that the doctrine of res judicata proscribed Defford's action. In support of the motion to dismiss, Zurheide-Hermann submitted an affidavit as to the facts and circumstances of the previous litigation involving Zurheide-Hermann's default judgment against Defford with a copy of the Supreme Court's opinion in *Zurheide-Hermann, Inc. v. London Square Development Corp.,* supra (the default judgment appeal based on errors patent) and a copy of the transcript of proceedings in that case. The issue of res judicata was thus properly raised by Zurheide-Hermann in this case, although Defford contends that res judicata may not be raised in a motion to dismiss. As stated in *State ex rel. United States Fidelity & Guaranty Co. v. Walsh,* No. 36,050 (Mo.App.St.L.Dist. Dec. 23, 1975):

"[R]es judicata may be raised by a 'speaking motion to dismiss' even though it is

5. In Defford's petition before this court he named three individuals as defendants in addition to Zurheide-Hermann, Inc., but in our treatment of the case we have, for the most part, referred to all defendants together, as "Zurheide-Hermann."

an affirmative defense under Rule 55.27 if it will dispose of an action groundless on the merits [cites omitted]."

A "speaking motion to dismiss" for failure to state a claim upon which relief can be granted, by referring to material not in the pleadings, such as a prior judgment, becomes in effect a motion for summary judgment. *State ex rel. United States Fidelity & Guaranty Co. v. Walsh,* supra; Rule 55.-27(a). The facts and circumstances contained in the Supreme Court's decision in *Zurheide-Hermann, Inc. v. London Square Development Corp., Inc.,* supra, and the accompanying affidavit and transcript of proceedings in the default judgment case establish that there is no genuine issue in this case as to any material fact. Therefore, Zurheide-Hermann is entitled to summary judgment as a matter of law. *Kuhlman Plastics Co. v. Kansas City Power & Light Co.,* 400 S.W.2d 409 (Mo.1966). As shall be discussed hereinafter, the Supreme Court opinion in the default judgment case (*Zurheide-Hermann, Inc. v. London Square Development Corp.,* supra) and the accompanying transcript show irrefutably that this action is interdicted by the doctrine of res judicata. It would therefore be unavailing to allow Defford additional time to submit evidence in opposition to Zurheide-Hermann's motion to dismiss or to allow him to amend his pleadings, and the trial court did not err in refusing to do so.

■ Defford contends that the doctrine of res judicata cannot apply because the parties to the default judgment proceeding and this case are not identical. Defford points to the initial suit where Zurheide-Hermann sued Defford and certain other corporations as parties defendant while in this suit Defford has sued Zurheide-Hermann, Inc. and three individual agents of Zurheide-Hermann, Inc. who were not parties to the original action. Defford's position in this regard is untenable. It is true that parties to the former and subsequent actions must be the same. *Plaza Express Co. v. Galloway,* 365 Mo. 166, 280 S.W.2d 17 (banc 1955); *Woodford v. Ill. Central Gulf RR Co.,* 518 S.W.2d 712 (Mo.

App.1974). But that tenet is sufficiently met in this case. The fact is that the three individual agents of Zurheide-Hermann have no place in this suit to set aside a judgment in the prior suit to which they were not parties. The addition of the three individuals to this litigation does not affect the res judicata doctrine, "because one who has had his day in court may not reopen the identical issues by merely adding new parties who are unnecessary to the determination of those issues." *Reis v. La Presto,* 324 S.W.2d 648, 653 (Mo.1959). The individual agents of Zurheide-Hermann, Inc. are not necessary to the determination of the issues here. Furthermore, the fact that all the parties to the former litigation (the corporate defendants in the default case against Defford, et alii) are not included here does not preclude the application of the res judicata doctrine to this case. *In re Delany's Estate,* 258 S.W.2d 613 (Mo.1953).

■ We now reach the cynosure of this action—the basis of the application of res judicata to this case precluding Defford's recovery. Recently, in *Gerhardt v. Miller,* 532 S.W.2d 852 (Mo.App.1975), Judge Weier, in noting the dual aspects of the doctrine of res judicata, spoke for the court as follows:

"A judgment on the same cause of action between the same parties may be raised as a bar to the prosecution of a second action upon the same cause of action as to any issue which was or might have been litigated in the first. This is known as estoppel by judgment. A prior judgment between the same parties may also be raised on a different subsequent cause of action as binding with regard to ultimate facts decided or issues passed upon in the prior action, and is conclusive upon the parties as to these facts actually decided and issues necessarily determined in rendering the judgment. This is called estoppel by verdict. [cites omitted]"

Reviewing the circumstances of this case we find that Defford's current action is barred to him by that aspect of res judicata known as estoppel by judgment. In the

present litigation, Defford seeks to set aside the default judgment on the basis of fraud in the procurement by reason of duplicitous actions of Zurheide-Hermann. He argues that a settlement had been reached several months prior to the judgment, with the service of interrogatories, the motion to compel answers thereto and notice of hearing of default judgment intervening between the time of settlement and actual rendition of the default judgment. The Supreme Court has held that Defford was properly served and had adequate notice of the foregoing. We specifically find that Defford cannot now with merit charge that he was deceived in believing that the first case against him had been settled. The Supreme Court held that Defford had been properly served with the interrogatories and the motion to compel answers and had been given constitutionally adequate notice of the hearing. He cannot now, in this proceeding, be heard to say that he was deceived into believing that the case against him was being dismissed.

Since the former adjudication determined that Defford had timely and adequate notice of the judicial proceedings leading to the judgment, his allegations concerning the alleged settlement and fraud in the procurement must fail. An examination of default judgment cases involving fraudulent misrepresentations supports our conclusion. For example, in *Reis v. La Presto*, supra, a party attempted to have a default judgment set aside for fraud in the procurement, alleging that the default judgment was obtained while negotiations for settlement were in progress and with no notice to the defaulting party. The court found no such fraud in that case, and noted the following:

"False representations by a party to his adversary that he need not file any pleading while they negotiate for a settlement could support an action in equity to set aside a judgment *obtained without notice* and in violation of those representations. But, when no such representations were made either in fact or by implication, then it is the defendant's responsibility to

look after his litigation, and if he negligently fails to do so he is in no position to seek equitable relief from the courts. *Mutual Casualty Co. of Missouri v. Sansone*, Mo.App., 17 S.W.2d 558[2]. One who has been served personally with a summons must use diligence to prevent a default judgment against him, *Duncan v. Gibson*, 45 Mo. 352, and he has less excuse to cry fraud than one who has been served with substituted service or by publication." [cites omitted; emphasis added] *Reis v. La Presto,* supra, at 654–655.

The alleged facts in our case are somewhat different, but the theory is the same. Even assuming, as we must, that a settlement was reached, Defford, who had been personally served at the beginning, received repeated notification from Zurheide-Hermann's attorney that it was proceeding to judgment. Defford had notice of the default judgment and the multiplicity of proceedings leading up to it. With all the warnings manifest, Defford was, or at least should have been, aware that no settlement of the first suit existed. The actions of Zurheide-Hermann of which Defford had notice certainly belie the continued existence of any settlement.

Clearly, the factual issues regarding whether Zurheide-Hermann had reneged on any purported settlement agreement and pursuing its case to judgment in derogation of such agreement was known to Defford at the time he took his appeal to the Supreme Court on the defense of errors patent on the record. The defense of fraud was palpably available and known to Defford at the time of the Supreme Court case. Or, at least, Defford should have known that the settlement had failed or in spite of the settlement Zurheide-Hermann proceeded to judgment against him. Defford has had his chance and missed it, for having had the opportunity to have brought the issue of fraud before the Supreme Court in *Zurheide-Hermann, Inc. v. London Square Development Corp.*, supra, he is now too late and forbidden to relitigate the issue in a second proceeding. Defford could have raised the fraud issue at the time of his

action before the Supreme Court, and by his failure to do so then he is precluded from doing so now. *St. Bethel Missionary Baptist Church, Inc. v. St. Louis Builders, Inc.,* 388 S.W.2d 776 (Mo.1965).[6] As said in *Munday v. Thielecke,* 483 S.W.2d 679, 681 (Mo. App.1972):

> "Under what is called estoppel by judgment a final adjudication is conclusive in subsequent proceedings not only as to every issue of fact which was actually litigated, but also as to every issue of fact which might have been."

Defford has been given his day in court. His fraud issue could have been but was not litigated in the previous action. He is now estopped to litigate it.

 This case is to be distinguished from *Esco Industries, Inc. v. Indian Creek Hills, Inc.,* 529 S.W.2d 672 (Mo.App.1975), and *J. R. Watkins Co. v. Hubbard,* 343 S.W.2d 189 (Mo.App.1961), and cases cited therein, holding as a nullity a default judgment obtained in derogation of an agreement. The basic defense in this case is that Defford should have been aware that no settlement was in effect, and he should have been circumspect of resulting consequences. While equity has jurisdiction to grant relief on the grounds of fraud in the procurement of a judgment, the complaining party must be free from fault, neglect or inattention to his case, *Jones v. Jones,* 254 S.W.2d 260 (Mo.App.1953), and prove that he exercised reasonable diligence or has a good excuse for the default. *Human Development Corp. v. Wefel,* 527 S.W.2d 652 (Mo.App. 1975). Viewing Defford's allegations most favorably to him, it is manifest that he was not free from fault or neglect and did not exercise reasonable diligence in view of the issues decided against him in the prior litigation.[7]

 Having thus disposed of the fraud in the procurement count for the reasons set forth, Defford's application for writ of error coram nobis loses all vitality and we need not deal with it. The basis of Defford's claim for relief by coram nobis was that Zurheide-Hermann had committed fraud in failing to carry out a settlement agreement. But we have already determined that the fraud issue was available to Defford at the time of his appeal in the first case, and coram nobis cannot breathe life into that issue now. A writ of error coram nobis does not lie if the fact now alleged as grounds for the writ was known to the complaining party at the time of the judgment, or might have been known by the exercise of reasonable diligence. As noted, Defford knew or should have known at the time of his first appeal of the facts upon which he now grounds his application for writ of error coram nobis. *Schoenhals v. Pahler,* 257 S.W.2d 662 (Mo.1953); *Casper v. Lee,* 362 Mo. 927, 245 S.W.2d 132 (1952).

 So, too, Defford's counts seeking judgment, by collateral attack, on the settlement, malicious prosecution damages and relief from execution on the default judgment must fail. Since Defford has failed in his direct attack he is forbidden to make a collateral assault on the judgment. *McMahon v. May Department Stores Co.,* 374 S.W.2d 82 (Mo.1963).

The order dismissing Defford's petition is affirmed.

SIMEONE, P. J., and KELLY, J., concur.

---

**6.** The *St. Bethel Missionary Baptist Church* case involved the dismissal of a suit for fraud which could have been raised in previous litigation involving another matter.

**7.** Defford has here violated Rule 55.15 which provides "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

See also *J. R. Watkins Co. v. Hubbard,* supra. However, since Defford was not granted leave to amend his petition, we have given the broadest interpretation to his allegations of fraud and deceit. Still, the petition fails to state a cause of action upon which relief can be granted.